UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DERRICK DAKOTA KITZMILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-30 |
| | ) | No. 2:17-CV-20 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant to 28 U.S.C. § 2255," [Doc. 33],[1] filed by Derrick Kitzmiller ("Kitzmiller" or "petitioner"). Kitzmiller was ordered by the Court to file his motion in accordance with Rule 2(c) of the Rules Governing Section 2255 Proceedings, [Doc. 34], and refiled his motion on February 17, 2017. [Doc. 36]. The United States has responded in opposition, [Doc. 47], to which petitioner replied. [Doc. 48]. On April 9, 2018, the petitioner filed a motion to add grounds to his pending § 2255 motion. [Doc. 55]. The matter is now ripe for disposition.

On February 12, 2014, Kitzmiller pled guilty to Counts One and Two of the indictment, [Doc. 1], for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Doc. 10]. Kitzmiller's sentencing hearing was held on July 7, 2014. On July 21, 2014, a judgment was entered and petitioner was sentenced to 120 months of imprisonment followed by a three (3) year term of supervised release. [Doc. 26]. No notice of appeal was filed by the petitioner. Petitioner filed this motion to vacate on January 30, 2017. [Doc. 33].

---

[1] All references are to docket entries in case No. 2:13-CR-30 unless otherwise indicated.

1

28 U.S.C. § 2255 provides, in relevant part:

A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental actions;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). This statute of limitations, however, is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he: (1) diligently has pursued his rights and (2) was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Petitioner has made no allegations concerning the enumerated paragraphs (2) through (4) above. Accordingly, the one-year period of limitation for the filing of this petitioner's motion to vacate ran from the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255

(f)(1). Since the judgment of conviction was entered on July 21, 2014, the judgment became final when the defendant's right to appeal his sentence expired, that is, August 4, 2014. Petitioner's motion to vacate pursuant to § 2255 was not filed until January 30, 2017, nearly two and a half years after the judgment became final. Therefore, petitioner's motion was not filed within the one-year period of limitations required by 28 U.S.C. § 2255.

Upon finding that petitioner's motion was not timely filed under the statutory period of limitations, the Court will now consider whether equitable tolling is proper in this case. In regards to the timeliness of his motion, petitioner states that his incarceration, solitary confinement, and limited access to legal materials and assistance has been a burden to researching and filing his motion. [Doc. 36 at 13]. In his reply, petitioner makes the following arguments:

> I would like the Courts to look at the facts to why the 2255 motion was filed untimely. 1. My judgment became final on August 4, 2014, and I was then remanded back to the custody of Tennessee state officials. 2. I have been in the process of fighting numerous pending charges in Washington County and Sullivan County, Tennessee. 3. Those charges were not completely resolved until December 16, 2015, which has had a major interference in filing a timely 2255 motion. 4. I have been in protective custody at every prison I have been sent to, which has also has [an] impact on my ability to [file] a timely 2255 motion. In protective custody individuals have limited access to the law library, to statutes, and also individuals do not have anyone that can assist you in filing motions. 5. After my state charges were resolved on December 16, 2015, I stated preparing my 2255 motion, while I was at Berlin, NH.

[Doc. 48 at 1]. Petitioner therefore argues that his limited access to the law library or legal assistance, and his previously pending state charges amount to extraordinary circumstances.

The government, however, argues that petitioner's "lack of access to a law library does not excuse his failure to raise his ineffective-assistance-of-counsel claims in a timely manner," because the issues he raises are not legally complex, and were known to the petitioner at the time of his plea and sentencing hearings. [Doc. 47 at 5-6].

3

The Court agrees with the government that equitable tolling is not warranted in this case. First, petitioner cannot demonstrate that he was diligently pursuing his rights in his federal case. Petitioner did not pursue a direct appeal to the Sixth Circuit. The only post-judgment activity in the record indicates that petitioner requested a copy of his docket sheet on September 25, 2018, [Doc. 28], and the transcript for his sentencing hearing on October 19, 2015 [Doc. 29]. Both requests were made after the one-year period of limitations for filing his § 2255 motions had already expired. Petitioner's § 2255 motion was not filed until more than a year passed after these requests and the filing of his sentencing transcripts. Petitioner states that he immediately began preparing his § 2255 motion in December of 2015, but his filing was not submitted to this Court until over a year later. Further, his original § 2255 motion, [Doc. 33], was simply a note stating that he would "like to file" a § 2255 motion, without developing any legal arguments. It wasn't until the Court ordered that he refile his motion to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings, [Doc. 34], that petitioner submitted a fully developed § 2255 motion. [Doc. 36]. This motion was received only two weeks after the Court's order. The record therefore indicates that petitioner was not diligently pursuing his rights until his original and subsequent § 2255 filings, which were not submitted to the Court until early 2017.

Additionally, petitioner cannot demonstrate that he was prevented from timely filing his motion because an extraordinary circumstance stood in his way. The burden of proceeding *pro se* while incarcerated is common to nearly all filers of § 2255 motions. Further, the Sixth Circuit has found that limited access of the law library does not warrant equitable tolling, even in cases in which a petitioner is in solitary confinement. *See Hall v. Warden, Lebanon Corr'al Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (finding that a petitioner's "pro se status and limited law-library access" did not allow for equitable tolling); *Moore v. United States*, 438 Fed. App'x 445, 449 (6th Cir.

2011) ("Ignorance of the law, even by an incarcerated pro se prisoner, is not grounds to toll the state."); *Hirsch v. Mays*, 2018 WL 1075037 at *3 (E.D. Tenn. Feb. 26, 2018) ("Even though Petitioner's access to the law library and other legal materials was more restricted than general population inmates, that alone does not entitle him to equitable tolling."). Petitioner's argument that he was delayed because he was "fighting numerous pending [state] charges" does not qualify as an extraordinary circumstance, and in fact indicates that he is capable of raising legal arguments to protest charges against him and pursue his rights.

Therefore, the Court finds that the petitioner has failed to establish that he diligently pursued his rights in this case and that an extraordinary circumstance stood in his way, preventing a timely filing. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling, without which, renders his § 2255 motion untimely. The Court therefore lacks jurisdiction to entertain his motion. Therefore, petitioner's motion to vacate, [Doc. 33], is **DISMISSED**. Petitioner's motion to add grounds to his § 2255 motion, [Doc. 55], is likewise **DISMISSED** as **MOOT**.

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves his otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore,

the Court will **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE