UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-0030-JRG-CRW-1 |
| | ) | |
| DERRICK DAKOTA KITZMILLER | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the court on Defendant Derrick Dakota Kitzmiller's Motion to Reduce Sentence [Doc. 85]. The United States filed a Response in Opposition [Doc. 94]. For the reasons herein, the Court will deny Mr. Kitzmiller's motion.

I. BACKGROUND

In April 2013, a Grand Jury charged Mr. Kitzmiller with three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Indictment, Doc. 1 at 1-2]. Pursuant to a plea agreement with the United States, Kitzmiller pled guilty to two of those three counts. [Plea Agreement, Doc. 10]. He was sentenced to serve 210 months' imprisonment and 3 years supervised release. [Judgement, Doc. 26, at 2-3].

Mr. Kitzmiller now moves the court to reduce his sentence under Amendment 829 to the United States Sentencing Guidelines [Doc. 85]. The United States opposes his motion [Doc. 94]. After review of the record, the Court is prepared to rule on Mr. Kitzmiller's motion.

II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which authorizes sentence reductions when a reduction is consistent with applicable policy statements issued by the Sentencing Commission and a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the United States Sentencing Guidelines serves as the Policy Statement governing sentence reductions. According to this policy statement, "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and is therefore not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). In other words, only amendments listed under §1B1.10(d) are retroactively applicable and authorize a court to reduce a defendant's sentence.

### III.  ANALYSIS

Amendment 829, the amendment Mr. Kitzmiller seeks relief under, "reflects the evolving science and data surrounding youthful individuals" and provides sentencing courts with broader authority to depart downward in consideration of a defendant's age. U.S. SENT'G GUIDELINES MANUAL APP. C, AMEND 829 (U.S. SENT'G COMM'N 2024). However, Amendment 829 is not listed in § 1B1.10(d) and is not retroactively applicable. Therefore, a sentence reduction under Amendment 829 would be inconsistent with the Policy Statement issued by the Sentencing Commission, and Mr. Kitzmiller has provided no basis on which this Court may reduce his sentence.

## IV. Conclusion

Mr. Kitzmiller fails to show that he is entitled to a sentence reduction under § 3582(c)(2), and his motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
